## MIDDLE WEST CONST., Inc., v. METROPOLITAN DIST.

No. 560.

District Court, D. Connecticut.

Sept. 19, 1941.

Judgment Affirmed Feb. 5, 1943.

See 133 F.2d 468.

Ufa E. Guthrie, of Hartford, Conn., for plaintiff.

W. Arthur Countryman, Jr., of Hartford, Conn., for defendant.

CLARK, Circuit Judge.

### I. Findings of Fact.

1. The memorandum of decision filed herewith contains detailed findings of fact on each of the various claims for extra compensation, as well as of waiver, made by plaintiff under its contract with defendant for construction of the sewer therein referred to. The facts set forth in this memorandum, as herein supplemented, are made the findings of fact of the court in this action and are incorporated herein as fully as if repeated in detail.

2. Plaintiff's complaint contains a specification in extenso of plaintiff's several claims, and defendant's answer gives defendant's position with regard to each one thereof. A reply by plaintiff and a rejoinder by defendant, being unauthorized in federal civil pleading, Federal Rules of Civil Procedure, 7(a), 28 U.S.C.A. following section 723c, cannot be considered except as they constitute admissions against interest of the parties; in any event, they do not vary the position of the parties. Paragraphs 1 to 6 of plaintiff's complaint are held to have been proven, or admitted by defendant, and the matters therein set forth are therefore found as facts. Paragraphs 7 to 26, inclusive, of the complaint, containing specification of fifteen claims for extra compensation, and paragraphs 28 to 37, inclusive, alleging plaintiff's claims as being based upon extra work recognized by the contract or due to unforeseen difficulties or to other acts of defendant, are found not proven, in accordance with defendant's answer and as set forth in the memorandum of decision herewith. As to paragraph 27 of the complaint, it is found that defendant has proven damage for delay in completion of the work from January 1, 1938, to, but not beyond, March 31, 1938, or for 67 working days at the agreed rate of $20 per day, making a total of $1,340, instead of $3,540, actually withheld by defendant, all as stated in the memorandum of decision.

### II. Conclusions of Law.

The following conclusions have been reached:

1. Jurisdiction of this action exists because the parties are citizens of different states and the matter in controversy herein, exclusive of interest and costs, exceeds the sum of $3,000.

2. Plaintiff has not proven any of its fifteen claims for extra compensation under its contract of June 16, 1937, for con-

struction of a sewer for defendant, or any claims for extra compensation outside of and beyond said contract.

3. Plaintiff has not proven, and there was not, any fraud, misrepresentation, or misleading by defendant in the plans and specifications upon which the contract was made or otherwise throughout the work.

4. Plaintiff has not complied with the provision, made a condition precedent under the contract, of a timely filing of a written claim for all extra compensation claimed, and defendant did not waive this condition.

5. Defendant is entitled to withhold from its payments to plaintiff under the contract the sum of $1,340 as liquidated damages, not the sum of $3,540 actually withheld; and for the difference, $2,200, and for this only, together with interest upon it from April 1, 1938, and the costs of this action, plaintiff is entitled to judgment herein.